# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED**<br>**JUDGMENT IN A CRIMINAL CASE**<br>(For Revocation of Probation or Supervised Release) |
| v. | |
| KODI CHIAN WILSON | Case Number: 8:00-CR-396-T-17TBM<br>USM Number: None Received Per J&C |
| | AFPD Andrea Stubbs<br>Defendant's Attorney |

**THE DEFENDANT:**

__X__ admitted guilt to violation of charge number(s) _1 and 2_ of the term of supervision.

__X__ did not admit guilty to violation of charge number(s) _3 and 4_ of the term of supervision but was found guilty of the same by the Court.

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | New criminal conduct, Possession of Cannabis under 20 grams | 10/13/07 |
| 2 | Failure to notify the probation officer within seventy-two hours after being arrested or questioned by a law enforcement officer | On or before 10/16/07 |
| 3 | Frequenting a location where drugs are illegally sold, used, distributed or administered | 11/2/07 |
| 4 | Association with a person convicted of a felony | On or before 11/2/07 |

The defendant is sentenced as provided in pages 2 through __3__ of this amended judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Original Date of Imposition of Sentence: December 4, 2007

December 6, 2007
~~First Amended~~ Date of Imposition of Judgment

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

DECEMBER 6th 2007
Date

AO 245D  (Rev. 01/07) Judgment in a Criminal Case for Revocation
     Sheet 2 - Imprisonment

| | |
|---|---|
| DEFENDANT: | KODI CHIAN WILSON |
| CASE NUMBER: | 8:00-CR-396-T-17TBM |

Amended Judgment - Page  2  of  3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **NINE (9) MONTHS**  with credit for time served to be calculated by the United States Bureau of Prisons.

__X__   The defendant is **REMANDED** to the custody of the United States Marshal Service.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 01/07) Judgment in a Criminal Case for Revocation: Sheet 3 - Supervised Release

DEFENDANT: KODI CHIAN WILSON  Amended Judgment - Page 3 of 3
CASE NUMBER: 8:00-CR-396-T-17TBM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIFTY-ONE (51) MONTHS.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

- The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.

- The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

- The defendant shall cooperate in the collection of DNA as directed by the probation officer.

- The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

- The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.